UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiff,

      Vs.           No. 96-20037

RODNEY JENKINS,

      Defendant.

## ORDER ON FINAL DISPOSITION

This matter is before the court for hearing on the question of the revocation of defendant's supervised release. The United States appears through Colin Bruce, Assistant United States Attorney. The defendant appears personally accompanied by his counsel, Tiffani Johnson, Deputy Federal Public Defender.

The court has heard the testimony and the evidence adduced of the witness, Matthew Henson, heard the arguments of counsel and makes the following findings. The court finds that it is more probably true than not true that on February 7, 2005, the defendant, Rodney Jenkins, distributed or aided and abetted in the distribution of 15 grams of cocaine. The court further finds that on March 1, 2005, again that it is more probably true than not true that the defendant distributed or aided and abetted the distribution of 8.6 grams of cocaine. And, thirdly, the court finds that on March 14, 2005, it is more probably true than not true that the defendant Jenkins distributed or aided and abetted the distribution of 53.6 grams of cocaine. The court further finds that these are violations of the terms of his supervised release and he is subject to revocation. The defendant's supervised release is hereby revoked by the court.

Turning to the question of revocation, the court has made the findings heretofore set out and the defendant specifically denies each of the allegations of the violation report. The court finds that the violations that have been determined by the court are Grade A violations, and that with a criminal history category of V, which the defendant has, there is a policy statement of custody range of a sentence of 30 to 36 months. Supervised release is an option to the court, as are monetary penalties. I do not know if he has the ability to pay monetary penalties.

The court having heard the recommendations of counsel and offered the defendant the

opportunity for allocution, which he declined, enters the following orders. The defendant is committed to the custody of the Attorney General of the United States, or his authorized representative, for the term of 36 months. He is not sentenced to any term of supervised release. He has been that way and it did not work. No monetary fines are imposed because he does not have the financial ability to pay a monetary fine.

The defendant is remanded to the custody of the United States Marshal Service.

ENTER this 13th day of October, 2005.

s\Harold A. Baker
_____
**HAROLD A. BAKER**
**UNITED STATES DISTRICT JUDGE**